**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

SENECA NATION OF INDIANS,                               Index No. _____

                                     Plaintiff,        **NOTICE OF MOTION AND**
                                                                      **MOTION TO VACATE FINAL**
     v.                                                        **ARBITRATION AWARD**

STATE OF NEW YORK,

                                       Defendant.

_____

**PLEASE TAKE NOTICE** that, pursuant to Sections 9, 10, and 12 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16, and based on this Notice of Motion and Motion to Vacate Final Arbitration Award, together with the Memorandum of Law in Support and the Attorney Declaration of Carol E. Heckman, Plaintiff Seneca Nation of Indians ("Nation"), by and through undersigned counsel, will move this Court at a Motion Term to be held at the United States District Court, Robert H. Jackson U.S. Courthouse, 2 Niagara Square, Buffalo, New York 14202, at a date and time to be determined by the Court, for an Order vacating the Final Arbitration Award ("Final Award") dated April 12, 2019, in American Arbitration Association Case Number 01-17-0005-3636. A copy of the Final Award is attached as Exhibit A.[1] In the alternative, the Nation moves for an Order staying this matter and referring to the Department of the Interior the question presented in the accompanying Petition to Vacate Final Arbitration Award and the Memorandum of Law in Support. The Nation will seek such other and further relief as this Court may deem just and proper.

---

[1] All exhibit references are to documents attached as exhibits to the Declaration of Carol E. Heckman, dated June 6, 2019, in support of the Nation's Notice of Motion and Motion to Vacate Final Arbitration Award, filed simultaneously herewith.

The ground for the Motion to Vacate is that the Final Award was issued in manifest disregard of controlling federal law:

1.     The Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701-2721, authorizes a state and an Indian nation to negotiate a compact setting forth the terms under which the nation may offer casino-style gaming within the state's boundaries.  *Id.* § 2710(d).  IGRA and its implementing regulations provide that a gaming compact, or any amendment to a compact, may not go into effect unless its terms have been reviewed and approved by the Secretary of the Department of the Interior ("Secretary") to ensure their consistency with IGRA and the trust obligations of the United States to Indian nations.  *Id.*; 25 C.F.R. Part 293.

2.     In 2002, the Nation and the defendant State of New York ("State") entered into a compact ("Compact" (Ex. D)) pursuant to IGRA providing for an initial term of fourteen years, with automatic renewal for an additional seven years if neither party objected.  Ex. D ¶ 4(c).  The Compact also provided that the Nation would share a portion of its gaming revenues with the State over a defined fourteen-year schedule, in exchange for a limited form of gaming exclusivity.  *Id.* ¶ 12.  It contained no provision for additional revenue-sharing beyond that fourteen-year schedule.  The schedule was triggered by the Nation's commencement of gaming operations, rather than its effective date, and hence extended into the renewal period.  In deeming the Compact approved, the Secretary explicitly expressed her understanding of the Nation's revenue-sharing obligation as limited to fourteen years.  DOI Decision Letter (Ex. E) at 3, 5.

3.     The Compact automatically renewed on December 9, 2016.  The Nation fulfilled its fourteen-year revenue-sharing obligation, making its final payment to the State in the spring of 2017.  However, the State contended that the Nation's payment obligation continues past the fourteen-year schedule set forth in the Compact to the end of the renewal period in 2023.  After

attempts to resolve the dispute failed, the State initiated the arbitration in September 2017. *See* Demand for Arbitration (Ex. N).

4. A sharply divided three-member arbitration panel required the Nation to make payments beyond the fourteen-year period set forth in the Compact text and continuing throughout the entire seven-year renewal period. The majority could not locate such an obligation in the text of the Compact, which it found ambiguous, and relied instead on extrinsic evidence in reaching its conclusion. Ex. B; Partial Final Award (Ex. A). The dissent ("Dissent") (Ex. C)), authored by former Assistant Secretary of Indian Affairs at the Department of the Interior Kevin Washburn, concluded in contrast that neither the text nor the extrinsic evidence supports the majority's decision. Of critical relevance here, the dissent also highlights the inconsistency of the imposition of additional payments with federal law because those payments have not yet been approved by the Secretary. Ex. C at 20.

5. The Nation understands the limited scope of review that applies to arbitration awards and does not seek to relitigate the merits of the Panel's Compact interpretation. The Nation seeks relief because the majority's Final Award requires the Nation to continue revenue-sharing payments to the State beyond the period approved by the Secretary, and IGRA plainly requires Secretarial approval as a prerequisite to the imposition of such an obligation. The Nation alerted the Panel to this clear statutory mandate but the Panel majority chose not to abide by it. The Final Award was thus issued in manifest disregard of IGRA's requirement that compact provisions may not lawfully be enforced absent Secretarial approval. Because the majority issued its award in manifest disregard of a controlling federal statute and its implementing regulations, its award must be vacated.

6.   Alternatively, if the Court, after hearing the Parties' arguments, is uncertain whether the Secretary reviewed and approved the revenue-sharing obligation imposed by the majority such that it may be lawfully enforced under IGRA, it should stay this matter and refer that question to the Department of the Interior under the primary jurisdiction doctrine, given the Department's special competence to address the question.  The Department has very recently indicated its willingness to address this issue upon a proper request.

The State's counsel is being served with a copy of the Petition to Vacate Final Arbitration Award, this Notice of Motion and Motion to Vacate Final Arbitration Award, the Memorandum of Law in Support, and the Attorney Declaration of Carol E. Heckman.

For the foregoing reasons, the Court should grant the Nation's Motion and issue an Order vacating the Final Award or, in the alternative, issue an Order staying this matter and referring to the Department of the Interior the question presented in the accompanying Petition to Vacate Final Arbitration Award and the Memorandum of Law in Support.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Rule 7(b)(2)(B) of the Rules of this Court, unless otherwise ordered by the Court, opposing papers to this Motion to Vacate must be filed with the Court and served upon the Nation not less than fourteen (14) days after filing and service of this motion.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Rule 7(a)(1) of the Rules of this Court, the Nation intends to file and serve reply papers to the State's opposition, if any.

**PLEASE TAKE FURTHER NOTICE THAT** the Nation requests oral argument before this Court.

Dated this 6th day of June, 2019                                Respectfully submitted,

| | |
|---|---|
| Michele Mitchell, Esq.<br>General Counsel (Acting)<br>Seneca Nation of Indians<br>90 Ohi:yo′ Way Allegany Territory<br>   Seneca Nation<br>Salamanca, New York  14779<br>Telephone:  (716) 945-1790<br>Facsimile:  (716) 945-6869<br>michele.mitchell@sni.org | Riyaz A. Kanji, Esq.<br>David A. Giampetroni, Esq.<br>Kanji & Katzen, PLLC<br>303 Detroit Street, Suite 400<br>Ann Arbor, Michigan  48104<br>Telephone:  (734) 769-5400<br>Facsimile:  (734) 769-2701<br>rkanji@kanjikatzen.com<br>dgiampetroni@kanjikatzen.com |
| John G. Horn, Esq.<br>Harter Secrest & Emery LLP<br>50 Fountain Plaza, Suite 1000<br>Buffalo, New York  14202<br>Telephone:  (716) 853-1616<br>Facsimile:  (716) 853-1617<br>jhorn@hselaw.com | By: <u>s/  Carol E. Heckman, Esq.</u><br>Carol E. Heckman, Esq.<br>Lippes Mathias Wexler Friedman LLP<br>50 Fountain Plaza, Suite 1700<br>Buffalo, New York  14202<br>Telephone:  (716) 853-5100<br>Facsimile:  (716) 853-5199<br>checkman@lippes.com |

*Counsel for Plaintiff Seneca Nation of Indians*