

United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, DC 20240

JAN 1 9 2017

Honorable Todd Gates
President, Seneca Nation of Indians
90 Ohiyo Way
Salamanca, NY 14779

Dear President Gates:

Thank you for your letter regarding specific provisions of the Nation-State Gaming Compact between the Seneca Nation of Indians and the State of New York (2002 Compact). The Seneca Nation of Indians (Nation) requested clarification from the Department of the Interior (Department) regarding our understanding of the duration of the revenue sharing provisions in the Nation's 2002 Compact.

We do not provide, and this letter should not be construed as, a preliminary decision or advisory opinion regarding compacts that are not formally submitted to this Office for review and approval.[1] We reiterate our willingness, however, to provide technical assistance to tribes and states that have sought our input on the compact process, including issues raised by the Department on compacts that are deemed approved. We find that ensuring tribes and states have accurate information about the Department's past decisions, regulatory requirements, and current policies is critical.

We have reviewed our November 12, 2002 letter to the Nation and the State regarding our understanding of the revenue sharing provisions in the 2002 Compact, which was deemed approved. In our letter, we raised the issue of revenue sharing in the 2002 Compact:

> Section 12(a) of the Compact grants the Nation the exclusive right to operate specifically defined gaming devices within a 10,500 square-mile geographic area in Western New York. In exchange for this geographic exclusivity right, *Section 12 requires the Nation to make graduated revenue-sharing payments to the State (from 18% to 25% of net drop, less a local share) over the course of the 14-year duration of the Compact.*

Nov. 12, 2002 Letter to Seneca Nation at 2 (emphasis added).

Thus, our understanding of the revenue sharing provision in the Compact was that its duration was for 14 years. We understand that the Compact has now been automatically extended for an additional 7 years.

---

[1] *See* 25 C.F.R. Part 293.

The United States Ninth Circuit Court of Appeals' *Rincon*[2] decision provides useful guidance when evaluating revenue sharing provisions in compacts. Arising under IGRA's remedial provisions, *Rincon* held that the state engaged in bad faith negotiations when it repeatedly demanded increased revenue sharing without offering new meaningful concessions in exchange. Here, *Rincon* supports our understanding that an extension of the revenue sharing requirement beyond the 14-year Compact duration would be tantamount to an increase in revenue sharing, requiring additional meaningful concessions from the State with corresponding substantial economic benefit to the Nation.[3]

The 2002 Compact demonstrates that Nation the and the State understood that if the State reneged on its concessions involving exclusivity or other matters, then the Nation's revenue sharing obligations would be eliminated. In our view, the Nation's 14-year revenue sharing obligation granted the Nation 21 years of exclusivity.

We hope you find this information useful.

Sincerely,

Paula L. Hart
Director, Office of Indian Gaming

---

[2] *Rincon Band of Luiseno Mission Indians of the Rincon Reservation v. Schwarzenegger*, 602 F. 3d 1019 (9th Cir. 2010), *cert. denied*, 113 S. Ct. 3055 (2011).

[3] *Rincon* 602 F. 3d at 1038 ("More importantly, even if there were some enhanced value in the proposed revised and expanded exclusivity provision, the calculations presented by the State's *own* expert reveal that the financial benefit to Rincon from the amendments proposed would be negligible: Rincon stood to gain only about $ 2 million in additional revenues compared to the State's expected $ 38 million. Thus, in stark contrast to *Coyote Valley II*, the relative value of the demand versus the concession here strongly suggests the State was improperly using its authority over compact negotiations to impose, rather than negotiate for, a fee. *See Coyote Valley II*, 331 F. 3d at 1112. Under IGRA and *Coyote Valley II*, that is bad faith.")