

# United States Department of the Interior



BUREAU OF INDIAN AFFAIRS
Washington, D.C. 20240

IN REPLY REFER TO:
Indian Gaming Management
MS 2070-MIB



SEP 30 2002

Honorable George E. Pataki
Governor of New York
State Capitol
Albany, New York 12202

Dear Governor Pataki:

On September 10, 2002, we received the Nation-State Gaming Compact between the Seneca Nation of Indians (Nation) and the State of New York (State) executed on August 18, 2002. Before making a determination on whether to approve or disapprove the Compact, we are seeking clarification and/or additional documentation on the following provisions.

1. Subsections 11(b)(2a), (2b), and (2c), authorize a purchase, lease, and lease back provision with a final purchase price of the balance owed on July 1, 2002, of the general obligation bonds pledged in connection with the Niagara Falls Convention Center. In order for us to evaluate this provision, we need any and all documentation relating to it.

2. Subsection 11(c) governs the use of funds remaining in the Seneca Nation Settlement Act of 1990 after the purchase of the authorized gaming sites, and provides for their use to acquire land for housing. The Indian Gaming Regulatory Act (IGRA) allows compact provisions to include "subjects that are directly related to the operation of gaming activities." 25 U.S.C. § 2710 (d)(3)(C)(vii). Please explain how the acquisition of land for housing is "directly related to the operation of gaming activities."

3. Subsection 12 (a)(1) of the Compact provides that "the Nation shall have total exclusivity with respect to ... gaming devices, including slot machines, within the geographic area defined ... " and Section 12 (b)(1) further provides that "[t]he Nation agrees to contribute to the State a portion of the proceeds from the operation and conduct of each category ... years 1-4, 18% ... years 5-7, 22% ... and years 8-14, 25%." Subsection 12(a)(4) creates a "per gaming devices" category for purposes of making payments that would require the Nation to continue making payments to the State with respect to the type of gaming device over which it continues to enjoy exclusivity rights.

In order for us to approve such a provision, we need to determine that it does not violate 25 U.S.C. § 2710(d)(4) of IGRA which prohibits the imposition of any tax, fee, charge, or other assessment on an Indian tribe. As part of this determination, we also need to assess whether the economic benefit that the Nation is receiving under the Compact is sufficient consideration that justifies the

payment to the State. As you know, to date, the Department of the Interior has approved payments to the State only when the State has agreed to provide substantial exclusivity for Indian gaming within the State, *i.e.*, where the compact provides a tribe with substantial economic benefits in the form of a right to conduct Class III gaming activities in the State that are on more favorable terms than any rights of non-Indians to conduct similar gaming activities. Please submit additional documentation that explains why you believe that the payment is appropriate in exchange for the economic benefit secured by the Nation under the Compact.

4. Finally, Section 11 authorizes the Nation to establish three gaming facilities: one in Niagara County, one in Erie County, and one on current Nation reservation territory. Section 11 further provides for the use of settlement funds derived from the Seneca Nation Settlement Act of 1990, 25 U.S.C. § 1774, (the "Act") to "acquire the parcels in the City of Niagara Falls and the City of Buffalo" for the purposes of gaming. Under the terms of the Act, the Nation may use settlement funds to acquire "land within its aboriginal area in State or situated within or near proximity to former reservation lands." 25 U.S.C. § 1774f(c). The Act also provides that unless the Secretary determines that lands acquired pursuant to the Act should not be subject to 25 U.S.C. §177, such lands shall be held in restricted fee. In order for us to approve this Section of the Compact we need to determine that the subject lands are "Indian lands" in accordance with 25 U.S.C. § 2703(4)(A) or (B). Please submit additional documentation explaining why you believe that: (i) lands acquired under the Act are within the aboriginal area of the Nation or are in situated within or in close proximity to its former reservation; (ii) lands acquired under the Act qualify as "Indian lands" under 25 U.S.C. § 2703(4)(A) or (B); and (iii) the applicability of 25 U.S.C. § 2719.

An analysis discussing the factors above with respect to the sections identified is needed in order for the Department to evaluate the Compact. Under IGRA, the Department has 45 days to approve or disapprove a compact. The action deadline for the Compact is October 24, 2002. Please respond to this letter as soon as possible, but no later than October 10, 2002, to ensure that your response is taken into consideration in our decision making process. Should you have any questions or need clarification, please feel free to contact Paula Hart of my staff at (202) 219-4066.

Sincerely,

George T. Skibine
Director, Office of Indian Gaming Management

Similar Letter sent to: The Honorable Cyrus M. Schindler
President, Seneca Nation of Indians
1490 Route 438
Irving, New York 14801