# EXHIBIT H

**Attachments:**          AAA Final Award.DOCX


**From:** Carol E. Heckman <checkman@lippes.com>
**Sent:** Friday, March 15, 2019 3:35 PM
**To:** William G. Bassler (judgewb@comcast.net) <judgewb@comcast.net>; kevin.washburn@gmail.com; Henry B. Gutman (hgutman@stblaw.com) <hgutman@stblaw.com>
**Cc:** smc.park@gmail.com; elizjannuzzi@yahoo.com; 'Jeffrey T. Zaino, Esq.' <ZainoJ@adr.org>; Friedland, Paul <pfriedland@whitecase.com>; Nyer, Damien <dnyer@whitecase.com>; rkanji@kanjikatzen.com; David Giampetroni <dgiampetroni@kanjikatzen.com>; michele.mitchell@sni.org; 'John Horn' <jhorn@hselaw.com>
**Subject:** Draft Award

Dear Members of the Tribunal:

At your direction, the parties have met and agreed on the attached terms for a Final Award.  Please let counsel know if there are any questions or additional information that is needed.

Very truly yours,

**Carol E. Heckman**
Partner



50 Fountain Plaza, Suite 1700
Buffalo, NY 14202-2216
ph: 716.853.5100 ext. 1268 | m: 716.725.3639 | d: 716.362.7628 | fx: 716.853.5199
checkman@lippes.com | www.lippes.com



This email message, including attachments, are confidential and may be protected by the attorney/client or other applicable privileges.  The information is intended to be conveyed only to the designated recipient(s) of the email message.  Unauthorized use, dissemination, distribution or reproduction of this message by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.  If you are not an intended recipient, please notify the sender immediately, delete the message from your email system, and destroy any other copies in your possession.

AMERICAN ARBITRATION ASSOCIATION


STATE OF NEW YORK,                    )
                                      )
                    Claimant,         )
                                      )
        v.                            )      Case No. 01-17-0005-3636
                                      )
SENECA NATION OF INDIANS,             )      **FINAL AWARD**
                                      )
                    Respondent.       )
_____   )


        In its Partial Final Award on Liability dated January 7, 2019, the Tribunal decided (by a majority), inter alia, that "[d]uring the renewal period, the Nation remains obligated under ¶¶ 4(c)(1) and 12(b) of the Compact to pay the State Contribution on the same terms and conditions as in effect immediately prior to the renewal (25% of net drop of each category of Gaming Device for which exclusivity exists payable on a quarterly basis)" and that "[t]he Nation is in breach of its obligations under ¶¶ 4(c)(1) and 12(b) of the Compact by failing to pay the State Contribution after the Compact's renewal[.]"

        In accordance with Procedural Order No. 4 dated December 17, 2018, the Tribunal reserved its decision regarding the remedy and directed the Parties to "meet and confer with respect to proposed terms of a remedial order and provide a joint report to the Panel no later than February 19, 2019."

        On February 19, 2019, the Parties submitted a joint report, advised the Tribunal that they were "close but not in exact agreement" regarding the past due payments and requested a one-week extension, which the Tribunal granted.

        On February 26, 2019, the Parties advised the Tribunal that they "agree[d] that 25% of the Net Drop (money dropped into the machines, after payout but before expense), applied to Respondent's Net Drop of slot machines from January 1, 2017 – December 31, 2018 amounts to $255,877,747.44."

        Having now heard from the Parties regarding the terms of a remedial order, and understanding that the Nation reserves all rights with respect thereto, the Tribunal decides as follows.

        WE, THE UNDERSIGNED ARBITRATORS, representing a majority, having been designated in accordance with the arbitration provision set forth in Paragraph 14 of the August 18, 2002 Compact between the Nation and the State, and having been duly sworn, and

1

having duly heard the proofs and allegations of the parties, for the reasons stated above, hereby AWARD as follows:

     i)     the Nation is obliged under ¶¶ 4(c)(1) and 12(b) of the Compact to continue to pay the State Contribution during the Compact renewal period at a rate of 25% of Net Drop of each category of Gaming Device for which exclusivity exists payable on a quarterly basis; and

     ii)     the Nation is to specifically perform its obligation under ¶¶ 4(c)(1) and 12(b) by paying the State Contribution currently owed to the State, including all past due payments, and by making all future payments in accordance with the Compact;

     iii)     25% of the Net Drop (money dropped into machines, after payout but before expenses) applied to the amount owed by the Nation to the State with respect to the Respondent's Net Drop of slot machines from January 1, 2017 – December 31, 2018 is $255,877,747.44, of which the amount attributable to the fourth quarter of 2018 is not due and payable until by or before March 31, 2019 in accordance with the Compact; and

     iv)     this decision is a Final Award and includes a determination of all issues submitted to the Tribunal.

     The parties shall bear their respective costs and expenses, including attorneys' fees, of this arbitration. The administrative fees and expenses of the AAA totaling $_____ and the compensation and expenses of Arbitrators totaling $_____ are to be borne equally.

     So ordered.


Dated: March 15, 2019


                       _____
                             William G. Bassler, Chair


                       _____
                             Henry Gutman


                       _____
                             Kevin Washburn
                       (Dissenting for the reasons previously stated)