# EXHIBIT I

**Attachments:** AAA Final Award (Corrected).DOCX; AAA Final Award (Corrected) [Redline Comparison].DOCX

**From:** Nyer, Damien
**Sent:** Thursday, April 11, 2019 4:03 PM
**To:** 'William Bassler' <judgewb@comcast.net>; 'Gutman, Henry B' <hgutman@stblaw.com>; kevin.washburn@gmail.com
**Cc:** Jeffrey Zaino, Esq. <JeffreyZaino@adr.org>; Friedland, Paul <pfriedland@whitecase.com>; rkanji@kanjikatzen.com; David Giampetroni <dgiampetroni@kanjikatzen.com>; michele.mitchell@sni.org; 'John Horn' <jhorn@hselaw.com>; 'Carol E. Heckman' <checkman@lippes.com>; 'Elizabeth Jannuzzi' <elizjannuzzi@yahoo.com>; 'Henry B. Gutman' <hgutman@gmail.com>; Jeffrey T. Zaino, Esq. <ZainoJ@adr.org>; smc.park@gmail.com
**Subject:** RE: Final Award - NYS/Seneca Case Number: 01-17-0005-3636

Dear Members of the Tribunal:

I write jointly on behalf of the Parties.

The Parties have noticed clerical errors in the Final Award dated April 8, 2019. It appears that the document circulated by the Parties on March 15, 2019 accidentally did not reflect fully the agreed language of the remedial order.

The Parties would also prefer that the AAA provide an accounting of costs and fees separately from the Final Award.

The Parties therefore respectfully request that the Tribunal consent to issue a corrected Award and do so at its earliest convenience. The attached reflects the Parties' proposed language. A redline as against the Tribunal's Final Award dated 8 April 2019 is also attached.

Respectfully,

**Damien Nyer** | Partner
**T** +1 212 819 8336     **M** +1 646 673 2785     **E** dnyer@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**From:** Jeffrey Zaino, Esq. <JeffreyZaino@adr.org>
**Sent:** Wednesday, April 10, 2019 3:05 PM
**To:** Friedland, Paul <pfriedland@whitecase.com>; Nyer, Damien <dnyer@whitecase.com>; rkanji@kanjikatzen.com; David Giampetroni <dgiampetroni@kanjikatzen.com>; michele.mitchell@sni.org; 'John Horn' <jhorn@hselaw.com>; 'Carol E. Heckman' <checkman@lippes.com>
**Cc:** 'William Bassler' <judgewb@comcast.net>; kevin.washburn@gmail.com; 'Gutman, Henry B' <hgutman@stblaw.com>; 'Elizabeth Jannuzzi' <elizjannuzzi@yahoo.com>; 'Henry B. Gutman' <hgutman@gmail.com>; Jeffrey T. Zaino, Esq. <ZainoJ@adr.org>; smc.park@gmail.com
**Subject:** Final Award - NYS/Seneca Case Number: 01-17-0005-3636

Dear Counsel,

Please see the attached.

Kind Regards,

Seana M. Rolon
Case Administrator
On behalf of,



**Jeffrey Zaino, Esq.**
**Vice President**

American Arbitration Association

T: 212 484 3224  F: 212 286 0383  E: JeffreyZaino@adr.org
150 East 42nd Street, 17th Floor, New York, NY 10017
adr.org | icdr.org | aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

STATE OF NEW YORK,       )

                                 )

            Claimant,     )

                                 )

     v.                     )      Case No. 01-17-0005-3636

                                 )

SENECA NATION OF INDIANS,    )      **FINAL AWARD**

                                 )

            Respondent.   )

_____ )

In its Partial Final Award on Liability dated January 7, 2019, the Tribunal decided (by a majority), inter alia, that "[d]uring the renewal period, the Nation remains obligated under ¶¶ 4(c)(1) and 12(b) of the Compact to pay the State Contribution on the same terms and conditions as in effect immediately prior to the renewal (25% of net drop of each category of Gaming Device for which exclusivity exists payable on a quarterly basis)" and that "[t]he Nation is in breach of its obligations under ¶¶ 4(c)(1) and 12(b) of the Compact by failing to pay the State Contribution after the Compact's renewal[.]"

In accordance with Procedural Order No. 4 dated December 17, 2018, the Tribunal reserved its decision regarding the remedy and directed the Parties to "meet and confer with respect to proposed terms of a remedial order and provide a joint report to the Panel no later than February 19, 2019."

On February 19, 2019, the Parties submitted a joint report, advised the Tribunal that they were "close but not in exact agreement" regarding the past due payments and requested a one-week extension, which the Tribunal granted.

On February 26, 2019, the Parties advised the Tribunal that they "agree[d] that 25% of the Net Drop (money dropped into the machines, after payout but before expense), applied to Respondent's Net Drop of slot machines from January 1, 2017 – December 31, 2018 amounts to $255,877,747.44."

Having now heard from the Parties regarding the terms of a remedial order, and understanding that the Nation reserves all rights with respect thereto, the Tribunal decides as follows.

WE, THE UNDERSIGNED ARBITRATORS, representing a majority, having been designated in accordance with the arbitration provision set forth in Paragraph 14 of the August 18, 2002 Compact between the Nation and the State, and having been duly sworn, and

having duly heard the proofs and allegations of the parties, for the reasons stated above, hereby AWARD as follows:

     i)     the Nation is obliged under ¶¶ 4(c)(1) and 12(b) of the Compact to continue to pay the State Contribution during the Compact renewal period at a rate of 25% of Net Drop of each category of Gaming Device for which exclusivity exists payable on a quarterly basis; and

     ii)     the Nation is to specifically perform its obligation under ¶¶ 4(c)(1) and 12(b) by paying the State Contribution currently owed to the State, including all past due payments, and by making all future payments in accordance with the Compact;

     iii)     the amount owed by the Nation to the State with respect to the Net Drop of slot machines from January 1, 2017 – December 31, 2018 is $255,877,747.44, of which the amount attributable to the fourth quarter of 2018 is due and payable by or before March 31, 2019 in accordance with the Compact; and

     iv)     this decision is a Final Award and includes a determination of all issues submitted to the Tribunal.

     The parties shall bear their respective costs and expenses, including attorneys' fees, of this arbitration. The administrative fees and expenses of the AAA totaling $9,750.00 are to be borne $4,875.00 by the State of New York; $4,875.00 by the Seneca Nation of Indians. The compensation and expenses of Arbitrators totaling $337,701.58 are to be borne equally. An accounting of such fees, compensation and expenses will be provided separately by the AAA to the Parties.

     So ordered.


Dated:  April 8, 2019


                                _____
                                  William G. Bassler, Chair


                                _____
                                  Henry Gutman


                                _____
                                  Kevin Washburn
                         (Dissenting for the reasons previously stated)

AMERICAN ARBITRATION ASSOCIATION


STATE OF NEW YORK,              )
                                   )
             Claimant,     )
                                   )
      v.                       )      Case No. 01-17-0005-3636
                                   )
SENECA NATION OF INDIANS,    )      **FINAL AWARD (CORRECTED)**
                                   )
             Respondent.  )
_____)


In its Partial Final Award on Liability dated January 7, 2019, the Tribunal decided (by a majority), inter alia, that "[d]uring the renewal period, the Nation remains obligated under ¶¶ 4(c)(1) and 12(b) of the Compact to pay the State Contribution on the same terms and conditions as in effect immediately prior to the renewal (25% of net drop of each category of Gaming Device for which exclusivity exists payable on a quarterly basis)" and that "[t]he Nation is in breach of its obligations under ¶¶ 4(c)(1) and 12(b) of the Compact by failing to pay the State Contribution after the Compact's renewal[.]"

In accordance with Procedural Order No. 4 dated December 17, 2018, the Tribunal reserved its decision regarding the remedy and directed the Parties to "meet and confer with respect to proposed terms of a remedial order and provide a joint report to the Panel no later than February 19, 2019."

On February 19, 2019, the Parties submitted a joint report, advised the Tribunal that they were "close but not in exact agreement" regarding the past due payments and requested a one-week extension, which the Tribunal granted.

On February 26, 2019, the Parties advised the Tribunal that they "agree[d] that 25% of the Net Drop (money dropped into the machines, after payout but before expense), applied to Respondent's Net Drop of slot machines from January 1, 2017 – December 31, 2018 amounts to $255,877,747.44."

Having now heard from the Parties regarding the terms of a remedial order, and understanding that the Nation reserves all rights with respect thereto, the Tribunal decides as follows.

WE, THE UNDERSIGNED ARBITRATORS, representing a majority, having been designated in accordance with the arbitration provision set forth in Paragraph 14 of the August 18, 2002 Compact between the Nation and the State, and having been duly sworn, and

1

having duly heard the proofs and allegations of the parties, for the reasons stated above, hereby AWARD as follows:

i)      the Nation is obliged under ¶¶ 4(c)(1) and 12(b) of the Compact to continue to pay the State Contribution during the Compact renewal period at a rate of 25% of Net Drop of each category of Gaming Device for which exclusivity exists payable on a quarterly basis; and

ii)      the Nation is to specifically perform its obligation under ¶¶ 4(c)(1) and 12(b) by paying the State Contribution currently owed to the State, including all past due payments, and by making all future payments in accordance with the Compact;

iii)      ~~25% of the Net Drop (money dropped into machines, after payout but before expenses) applied to~~ the amount owed by the Nation to the State with respect to the Net Drop of slot machines from January 1, 2017 – December 31, 2018 is $255,877,747.44, of which the amount attributable to the fourth quarter of 2018 is ~~not~~ due and payable ~~until~~ by or before March 31, 2019 in accordance with the Compact; and

iv)      this decision is a Final Award and includes a determination of all issues submitted to the Tribunal.

The <u>parties shall bear their respective costs and expenses, including attorneys' fees, of this arbitration.  The administrative</u>~~Administrative~~ fees and expenses of the AAA totaling $9,750.00 are to be borne $4,875.00 by <u>the</u> State of New York; $4,875.00 by <u>the</u> Seneca Nation of Indians. The ~~Compensation~~<u>compensation</u> and expenses of Arbitrators totaling $337,701.58 are to be borne equally. ~~Therefore, Seneca Nation of Indians has to pay State of New York, an amount of $5,187.51~~<u>An accounting of such fees, compensation and expenses will be provided separately by the AAA to the Parties</u>.

So ordered.

Dated:  April 8, 2019

_____
William G. Bassler, Chair


_____
Henry Gutman


_____
Kevin Washburn

(Dissenting for the reasons previously stated)