UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SENECA NATION OF INDIANS,

                            Petitioner,

      v.                                          Index No. 19-cv-00735-WMS

STATE OF NEW YORK

                            Respondent.
_____

## MEMORANDUM OF LAW IN SUPPORT OF THE SENECA NATION OF INDIANS' MOTION TO STAY JUDGMENT PENDING APPEAL

      Petitioner the Seneca Nation of Indians (the "Nation") has filed a notice of appeal from this court's decision and order of November 8, 2019 and its Judgment dated November 12, 2019. The Nation moves for an order staying enforcement of the Court's order and judgment pursuant to Federal Rule of Civil Procedure 62(b) pending disposition of its appeal.

      The Nation maintains a bank account, under the control of a third party bank, containing all disputed amounts in this litigation (the "Account"). This form of "other security" in lieu of a bond is expressly permitted by Fed. R. Civ. P. 62(b). The use of an alternative security arrangement is substantially more practical in light of the amount of the judgment and the unavailability and expense of bonds in that amount. This Account more than adequately protects the State's interest in the judgment during pendency of the appeal.

      As described below and in the affidavit of Cheryl A. Watts dated December 3, 2019, filed in support of the Nation's Motion, the Nation's Account is subject to multiple agreements with lending institutions that were specifically designed to ensure that the Nation would have more than adequate funds to meet any contingent liability to the State of New York with respect to the present

1

dispute. The Nation has already deposited the full amount of the disputed State Contribution payments (as that term is defined by the Compact) up to the current date, and is also required by the lending agreements to deposit all future quarterly State Contribution payments until this dispute is finally resolved. The current balance of the Account exceeds the amount of the judgment, and continues to increase and remain in excess of any potential liability with each deposit made by the Nation. Accordingly, this Account is more than sufficient to provide full security for the judgment pending appeal. The Nation furthermore has no objection to a court order requiring continued maintenance of this Account.

This Court has already determined that the Nation's arguments in this case are not frivolous (Dkt. No. 14 p. 29). And the Nation is entitled to seek review of those arguments by the United States Court of Appeals for the Second Circuit. Since the Account described above is more than sufficient to cover any liability to the State of New York should the appeal be unsuccessful, the Nation is therefore, as established below, entitled to a stay of enforcement of the judgment.

For these reasons, the Nation moves this Court for a stay of the judgment pursuant to Rule 62(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, the automatic stay of enforcement expires on December 12, 2019. Therefore, the Nation also moves for an expedited hearing on this motion, or, in the alternative, for a further stay of the judgment pending consideration of the motion to stay.

### A. The Court's Judgment and the Nation's Notice of Appeal

The Court issued its Decision and Order on November 8, 2019, confirming the Final Award and Partial Final Award issued by the arbitration panel over the dissent of one of the three panel members. (Dkt. No. 14.) The Final Award found that the Nation was liable to the State for quarterly State Contribution payments in the amount of $255,877,747.44. (Dkt. No. 2, Attachment

2
8335746_1

#3.) The Final Award also found that the Nation was obligated to continue making the State Contribution payments on a quarterly basis. (*Id.*) This Court entered the judgment on November 12, 2019. (Dkt. No. 15.)

Concurrent with this Motion, the Nation has filed its Notice of Appeal, appealing this Court's Decision and Order to the Second Circuit. While the Court's Decision and Order found against the Nation, it also noted that the Nation's arguments "cannot fairly said to be frivolous." (Dkt. No. 14, p. 29.) The Nation's appeal of the judgment is in fact premised on sound, good-faith arguments well-grounded in applicable law.

As noted, because the judgment is automatically stayed for a period of 30 days after entry of judgment, which expires on December 12, 2019, the Nation has moved for an expedited hearing, or in the alternative, for the Court to continue the stay until hearing and decision on this Motion.

### B. The Nation is entitled to a Stay Pursuant to Fed. R. Civ. P. 62(b) if it Posts "Other Security."

Under Rule 62(b) of the Federal Rules of Civil Procedure, the Nation is entitled to a stay if it posts security sufficient to secure the judgment against it. Rule 62(b) provides in relevant part: "At any time after judgment is entered, a party may obtain a stay by providing a bond *or other security*." (emphasis added). "A party taking an appeal from the district Court is *entitled* to a stay of a money judgment *as a matter of right* if he posts a bond in accordance with Fed. R. Civ. P. 62(d)." *Am. Manufs. Mutual Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3, 17 L.Ed.2d 37 (1966) (emphasis added) (considering the predecessor to Rule 62(b)). Thus, the Court "has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond." *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009) (citation omitted).

Even before Rule 62 was amended to allow "other security" in lieu of a bond, the Second Circuit had squarely held that alternate security is allowed:

3

> The purpose of the rule is to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed. A district court therefore may, in its discretion, waive the bond requirement if the appellant provides an acceptable alternative means of securing the judgment.

*In re Nassau County Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (citations omitted). This principle has long been recognized by the Second Circuit: "[A]n inflexible requirement for impressment of a lien and denial of a stay of execution unless a supersedeas bond in the full amount of the judgment is posted can in some circumstances be irrational, unnecessary, and self-defeating, amounting to a confiscation of the judgment debtor's property without due process." *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154 (2d Cir. 1986), *rev'd on other grounds*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987).

Recognizing the limitations placed by the former Rule 62(d), the Rule was revised in 2018 and became the new Rule 62(b), with the additional provision that a party may obtain a stay "by providing a bond or other security." "The new rule's text makes explicit the opportunity to post security in a form other than a bond." *Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr. 2006-18 v. Cornish*, 759 F. App'x 503, 509 (7th Cir. 2019) (citing advisory notes to the amended Rule 62). Thus, the amended Rule 62 now expressly recognizes that a security other than a bond may satisfy the district court's requirement that the enforceability of the judgment be ensured.

In the present case, the Nation is entitled to a stay of the judgment so long as it posts a bond or other security that adequately secures the judgment. As noted above and described in more detail below, the Nation has already placed the funds in dispute in the control of a third-party bank, in an amount sufficient to pay the judgment plus any additional sums that may be recoverable.

4

The Court should accordingly approve this account as "other security" and enter a stay as a matter of right pursuant to Rule 62(b).

### C. The Nation's Maintenance of a Restricted Account that Exceeds the Full Amount of the Judgment, and Includes Ongoing Disputed State Contributions, is More Than Sufficient to Justify a Stay of Enforcement Pending Appeal

The Nation has maintained all funds in dispute in the underlying arbitration and this litigation in the Account pursuant to a Blocked Account Agreement between the Nation, KeyBank National Association ("KeyBank"), and Fifth Third Bank, as well as an ancillary agreement between the Nation, the Seneca Gaming Corporation ("SGC"), and Fifth Third Bank. (Affidavit of Cheryl A. Watts, dated December 3, 2019, submitted in support of the Nation's Motion to Stay ¶¶ 4-11 (hereinafter "Watts Aff.")). These two agreements (the "Account Agreements"), each of which was executed on December 28, 2018, restrict the Nation's funds within the Account to ensure SGC's lenders that any potential Nation liability for the State Contribution amounts which are the subject of this litigation (the "Disputed Amounts") will be satisfied in full. (*Id*. at ¶ 9.)[1]

The Account is held at KeyBank, with Fifth Third Bank serving as administrative agent for the Account. (*Id*. at ¶ 8.) Fifth Third Bank exercises administrative control of the Account. No withdrawal can be made from the Account by the Nation without the express written consent of Fifth Third Bank and only pursuant to specific withdrawal instructions. (*Id*.) As required by the Account Agreements, the Nation has deposited all disputed State Contributions into the Account. (*Id*. at ¶ 11.) In addition, the Account Agreements require continued payment into the accounts of ongoing disputed State Contributions. (*Id*. at ¶ 8.) The Nation has continued to deposit these State

---

[1] The Watts Affidavit contains a full and accurate description of the Account Agreements. These Agreements have been provided to the State pursuant to a Confidentiality Agreement and Order, which the Nation will present to the Court for signature, and are being provided to the Court under a Motion to Seal, which is necessary to protect the confidential information contained in the Account Agreements.

5

Contributions into the Account on a monthly basis reflecting the increasing Disputed Amounts.[2] (*Id*. at ¶ 12.) The Account has maintained a balance in excess of the Disputed Amounts, which balance remains in place for satisfaction of the judgment in full should it be affirmed on appeal. (*Id*. at ¶ 13.)

The Account and Account Agreements therefore more than adequately secure the amount of the judgment, guaranteeing that the State receive the full benefit of the judgment should it prevail on appeal. The Nation therefore requests this Court grant a stay contingent on the Nation's continued maintenance of the Account at a balance exceeding the Disputed Amounts.

### D. The Nation's motion includes a request for a stay of the judgment as to any ongoing State Contribution obligations during pendency of the Appeal.

In affirming the Arbitrator's Decision, the Court's judgment also requires the Nation to make future quarterly payments to the State until expiration of the Compact extension period. This type of relief is also "monetary" in nature even though it does not constitute damages in the traditional sense. *Frommert*, 639 F. Supp. 2d at 311 ("[A]ny aspect of the judgment relating to defendants' obligation to make future payments is more accurately viewed as monetary."). "[I]f the district court is confident that the judgment debtor will continue to have sufficient funds to satisfy the judgment, the court may dispense with the bond requirement." *Id.* at 313 (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir.1988)).

As noted above, the Account Agreements require the Nation to continue placing the ongoing quarterly State Contributions into the Account. The Account balance will therefore continue to increase in an amount exceeding the amount potentially owed by the Nation to satisfy the "future payments" portion of the judgment.

---

[2] Although the Compact requires the Nation to make State Contributions on only a quarterly basis, the Nation makes deposits into the Account on a monthly basis. (Watts Aff., ¶¶ 11-12.)

E.  **CONCLUSION**

The continued maintenance of the Account serves as more than adequate "other security" justifying a stay of the judgment against it pending appeal.  The Nation therefore respectfully requests that the Court issue a stay against enforcement of the judgment pending appeal conditioned upon the Nation's maintenance of the Account in an amount exceeding the disputed State Contributions.

Dated this 3rd day of December, 2019         Respectfully submitted,

By: s/ Carol E. Heckman, Esq.
    Carol E. Heckman, Esq.
    Carson R. Cooper, Esq.
    *Counsel for Seneca Nation of Indians*
    50 Fountain Plaza, Suite 1700
    Buffalo, New York 14202
    Telephone:  (716) 853-5100
    Facsimile:  (716) 853-5199
    checkman@lippes.com

    Riyaz A. Kanji, Esq.
    David A. Giampetroni, Esq.
    Kanji & Kanji, PLLC
    303 Detroit Street, Suite 400
    Ann Arbor, Michigan  48101
    Telephone:  (734) 769-5400
    Facsimile:  (734) 769-2701
    rkanji@kanjikazen.com
    dgiampetroni@kanjikatzen.com

    John G. Horn, Esq.
    Harter Secrest & Emery LLP
    50 Fountain Plaza, Suite 1000
    Buffalo, NY 14202
    Telephone: (716) 853-1616
    Facsimile: (716) 853-1617
    jhorn@hselaw.com