UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SENECA NATION OF INDIANS,           Index No. 1:19-cv-00735-WMS

    Petitioner/Cross-Petition Respondent,

v.

STATE OF NEW YORK,

    Respondent/Cross-Petitioner.

---

## DECLARATION OF CAROL E. HECKMAN IN SUPPORT OF THE SENECA NATION OF INDIANS' MOTION TO STAY JUDGMENT PENDING APPEAL

Carol E. Heckman, Esq., under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

1. I am an attorney of record for the Petitioner Seneca Nation of Indians (the "Nation") in this matter.

2. I submit this Declaration in support of the Nation's Motion for a Stay of Judgment pending appeal in this case.

3. The Nation has filed a Notice of Appeal from this Court's decision and order of November 8, 2019 and its judgment dated November 12, 2019.

4. The judgment has been automatically stayed for a period of thirty (30) pursuant to Rule 62(a) of the Federal Rules of Civil Procedure. This automatic stay expires on December 12, 2019.

5. The Nation moves for an order staying enforcement of the Court's order and judgment pursuant to Rule 62(b) of the Federal Rules of Civil Procedure pending disposition of its appeal.

6. As explained in further detail in the Affidavit of Cheryl A. Watts, dated December 3, 2019, filed in support of the Motion to Stay, the Nation maintains a secured bank account containing all disputed amounts in this litigation (the "Secured Account"). This form of "other security" in lieu of a bond is expressly permitted by Rule 62(b). The use of an alternative security arrangement is substantially more practical in light of the amount of the judgment and the unavailability and expense of bonds in that amount. This Account more than adequately protects the State's interest in the judgment during pendency of the appeal.

7. As described in the Watts affidavit filed in support of the Nation's Motion, the Nation's Account is subject to multiple agreements with lending institutions that were specifically designed to ensure that the Nation would not default on any contingent liability to the State of New York with respect to the present dispute. The Nation has already deposited the full amount of the disputed State Contribution up to the current date, and is also required by the lending agreements to deposit all future quarterly State Contributions until this dispute is finally resolved. The current balance of the Account exceeds the amount of the judgment, and continues to increase with each deposit made by the Nation. Accordingly, this Account is more than sufficient to provide full security for the judgment pending appeal. The Nation has no objection to a court order requiring continued maintenance of this Account.

8. This Court has already determined that the Nation's arguments in this case are not frivolous (Dkt. No. 14 p. 29). The Nation is entitled to seek review of its non-frivolous arguments by the United States Court of Appeals for the Second Circuit. Since the Account

2

2056742

described above is more than sufficient to cover any liability to the State of New York should the appeal be unsuccessful, the Nation is therefore entitled to a stay of enforcement of the judgment.

9. Because the automatic stay of enforcement expires on December 12, 2019, the Nation also moves for an expedited hearing on this motion, or, in the alternative, for a further stay of the judgment pending consideration of the motion to stay.

I declare under penalty of perjury that foregoing is true and correct.

Executed on: December 3, 2019

_____
Carol E. Heckman, Esq.