UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SENECA NATION OF INDIANS,　　　　　　　Index No. 1:19-cv-00735-WMS

　　　　　Petitioner,

v.

STATE OF NEW YORK,

　　　　　Respondent.

**REPLY AFFIDAVIT OF CHERYL A. WATTS IN FURTHER SUPPORT OF THE
SENECA NATION OF INDIANS' MOTION TO STAY JUDGMENT PENDING APPEAL**

Cheryl A. Watts, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

1.　　　This reply affidavit is submitted in support of the Seneca Nation of Indians' (the "Nation") motion to stay judgment pending appeal in the above-captioned case. It is based on my personal knowledge as the Comptroller of the Nation, a position I have held since November 2, 2009.

2.　　　As noted in paragraph 9 of my previous affidavit dated December 3, 2019, ███

████ ██████████████████████████████████. As noted in paragraph 5 of my December 3 affidavit, SGC and the Nation have agreed to segregate funds whenever it appeared that such funds could be subject to a dispute with the State.

3. In 2013, the Nation and the State agreed to settle a dispute over previous revenue sharing payments dating back to 2010. Just as now, the payments had been placed into a restricted account as a condition of obtaining financing. When the dispute was settled, a portion of the funds in that restricted account was paid to the State and to local governments, with the Nation retaining a portion of the funds itself. The mechanism for withdrawing funds from the account to pay the State was virtually the same as it is in the current bank agreements. The steps then were as follows. First, the Nation drafted formal Withdrawal Instructions, obtained the required signatures from the Nation's Executives and provided the Withdrawal Instructions to the Administrative Bank. Then, the Administrative Bank transmitted the funds to the Nation, which in turn transmitted the State's portion of the funds to the State. There was no issue with promptly obtaining the funds from the bank, or in promptly forwarding the funds to the State.

4. The steps under the current agreements provided under seal are substantively identical. ███████████████████████████.

5. ██ ███████████████████████████████
███████████████████████████████████
██████

6. ██ ████████████████████████████████
███████████████████████████████████
████████████████████ ███████████ ██
███████████████████



7.    This language actually makes clear that if a Withdrawal Instruction is permitted under the Nation Agreement (and a payment of disputed State Contributions is expressly authorized by paragraph 2(b)(i) of Attachment 1 of the Nation Agreement) the Administrative Bank has no discretion to object.

8.    In addition to the two agreements filed under seal, the financing also included a credit agreement between SGC and Fifth Third Bank.  The Nation is not a party to this agreement, and it contains hundreds of pages of highly confidential information about SGC and the Nation.

9.    

10.    

11.

███████████████████████████████

███████████████

12. I have spoken to KeyBank about the possibility of obtaining a letter of credit to secure the judgment. KeyBank informed me that a letter of credit would cost at least 1% of the secured amount and recommended exploring other available options due to the time and expense that would be involved.

13. I declare under penalty of perjury that foregoing is true and correct.

**Executed on:** December 10 , 2019

_Cheryl A. Watts_
Cheryl A. Watts

Subscribed and sworn to before me
this 10 day of December, 2019

_Brenda Redeye_
Notary Public

BRENDA REDEYE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RE6359054
Qualified in Cattaraugus County
Commission Expires May 22, 2021