UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SENECA NATION OF INDIANS,

                Petitioner,

v.                                          **DECISION AND ORDER**
                                                      19-CV-735S

STATE OF NEW YORK,

                Respondent.

On November 8, 2019, this Court confirmed an arbitration panel's award that requires the Seneca Nation of Indians to make revenue-sharing payments ("the State Contribution") in the hundreds of millions of dollars to the State of New York under the terms of the parties' 2002 gaming compact. See Seneca Nation of Indians v. State of N.Y., 19-CV-735S, 2019 WL 5865450 (W.D.N.Y. Nov. 8, 2019). The Clerk of Court entered judgment in the State's favor on November 12, 2019. (Docket No. 15.) That judgment is presently stayed through today, December 12, 2019, by operation of Rule 62 (a) of the Federal Rules of Civil Procedure.[1]

On December 3, 2019, the Nation filed a Notice of Appeal and moved to further stay the judgment under Rule 62 (b). (Docket Nos. 17, 18.) This Court granted expedited treatment of the motion, which is now fully briefed and pending decision. (Docket No. 21.) For the reasons that follow, the Nation's motion is granted.

Former Rule 62 (d) once governed stays with bonds pending appeal. It provided that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond," with

---

[1] All rule citations are to the Federal Rules of Civil Procedure.

1

certain exceptions. Fed. R. Civ. P. 62 (d) (2018). On December 1, 2018, existing Rule 62 (b) replaced and expanded former Rule 62 (d), "carr[ying] forward in modified form the supersedeas bond provisions" of the former rule. See Fed. R. Civ. P. 62 (b) advisory committee's note to 2018 amendment; see also Xerox Corp. v. JCTB Inc., No. 18-cv-06154-MAT, 2019 WL 6000997, at *3 (W.D.N.Y. Nov. 14, 2019) (explaining origins of Rule 62 (b)). Rule 62 (b) now "makes explicit the opportunity to post security in a form other than a bond," id., by providing that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security," Fed. R. Civ. P. 62 (b). In addition, the availability of a stay is no longer contingent on the filing of an appeal. See Murillo v. A Better Way Wholesale Autos, Inc., No. 3:17-CV-1883 (VLB), 2019 WL 6700185, at *2 n.1 (D. Conn. Dec. 9, 2019).

The full text of the rule is as follows:

> **(b) Stay by Bond or Other Security.** At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62 (b).

This provision applies to stays of money judgments. See Gulino v. Bd. of Educ. of the City Sch. Dist. of N.Y., 96-CV-8414 (KMW), 2019 WL 2454094, at *1 (S.D.N.Y. June 12, 2019) ("Rule 62 (b) applies only to stays of money judgments.") (citing Centauri Shipping Ltd. v. W. Bulk Carriers KS, 528 F. Supp. 2d 186, 188 (S.D.N.Y. 2007)). Its purpose "is to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped

if the decision should be reversed." In re Nassau Cty. Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015) (per curiam) (discussing former Rule 62 (d)); Cayuga Indian Nation of N.Y. v. Pataki, 188 F. Supp. 2d 223, 254 (N.D.N.Y. 2002) (explaining that Rule 62 is designed "to protect[ ] an appellee's rights and ability to collect the judgment and it guarantees an appellee the costs of delay incident to the appeal"). Thus, the bond or "other security" must be sufficient to insure the totality of the judgment. See Revlon, Inc. v. Carson Prods. Co., 647 F. Supp. 905, 905-06 (S.D.N.Y. 1986) ("If the district court's judgment is affirmed, the bond insures the judgment creditor against the risk of lack of funds to satisfy the award.").

"Where a party posts a full bond or other security [under Rule 62 (b)], such party is entitled to a stay from a monetary judgment as a matter of right." Grant v. Lockett, 5:15-CV-0445 (DNH/TWD), 2019 WL 1872967, at *4 (N.D.N.Y. Apr. 26, 2019) (citations omitted); Gill v. Bausch & Lomb Supplemental Ret. Income Plan I, No. 6:09-CV-6043(MAT), 2014 WL 1404902, at *2 (W.D.N.Y. Apr. 10, 2014) ("A party seeking a stay of enforcement of a judgment pending appeal can obtain a stay as a matter of right under Rule 62 (d) . . . by posting a supersedeas bond to secure the amount of the judgment."). In such circumstances, "the court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond."[2] Frommert v. Conkright, 639 F. Supp. 2d 305,

---

2 Citing Cayuga Indian Nation, the State suggests that the Nation's motion should be analyzed by considering whether (1) the Nation has made a strong showing that it is likely to succeed on the merits of the appeal, (2) the Nation will be irreparably harmed absent a stay, (3) a stay will substantially injure other interested parties, and (4) a stay is in the public interest. 188 F. Supp. 2d at 251. This four-factor test, however, applies to stays of injunctions, not money judgments. See Xerox, 2019 WL 6000997, at *2 (finding that the four-factor test applicable to stays of injunctive or equitable judgments does not apply to a money damages award); John Wiley & Sons, Inc. v. Book Dog Books, LLC, 327 F. Supp. 3d 606, 648-49 (S.D.N.Y. 2018) (same).

308 (W.D.N.Y. 2009) (citing Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 3, 17 L. Ed. 2d 37 (1966) ("With respect to a case arising in the federal system it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62 (d).") (Harlan, J., in chambers).

In support of its motion for a stay, the Nation proffers "other security" in the form of a restricted securities account held by KeyBank that contains deposits in excess of the judgment—the confirmed arbitration award of $255,877,747.44 for State Contribution through December 2018, plus an ongoing obligation to pay all future State Contribution under the terms of the compact.³  See Declaration of Carol E. Heckman, Esq. ("Heckman Decl."), Docket No. 18-4, ¶¶ 6, 7. This account, which is fully described by Cheryl Watts, Comptroller of the Nation, is subject to multiple agreements with lending institutions that are specifically designed to ensure that the Nation will not default on any contingent liability to the State with respect to the disputed State Contribution. Id.; Affidavit of Cheryl A. Watts ("Watts Aff."), Docket No. 18-2, ¶¶ 1, 5, 9. Those agreements have been filed under seal to protect the confidential information contained therein. (Docket No. 23.)

Under the agreements, Fifth Third Bank acts as a secured party for the account and exercises administrative control over it. See Watts Aff., ¶ 8. The Nation cannot make any withdrawals from the account without the express permission of Fifth Third Bank. Id. The account currently contains the full amount of disputed State Contribution,

---

3 As explained in this Court's previous decision, the parties agreed before the arbitration panel that the outstanding State Contribution due and owing through December 2018 is $255,877,747.44.  See Seneca Nation, 2019 WL 5865450, at *4.

4

and the Nation is bound by the lending agreements to continually deposit all present and future State Contribution payments on a rolling basis and has done so. See Heckman Decl., ¶ 7; Watts Aff., ¶¶ 8, 11-13 and Exhibit A. With a balance of $372,368,656 as of November 30, 2019, the Nation maintains that this account constitutes sufficient "other security" within the meaning of Rule 62 (b) to cover any liability to the State should the Nation's appeal be unsuccessful. See Heckman Decl., ¶ 8; Watts Aff., ¶ 13.

The State disagrees. It maintains that the proffered account does not adequately secure the judgment for several reasons. First, it contends that the governing agreements do not adequately restrict the transfer of funds out of the account and may, in fact, permit the Nation to initiate transfers for reasons other than to satisfy the judgment. Second, it fears that third-party control over the account funds could interfere with the funds being available to satisfy the judgment. Third, it maintains that the balance of the account does not secure the entire amount of interest due on the judgment. And finally, it argues that there is no provision in the agreements requiring automatic payment of funds from the account to the State if the Nation's appeal is unsuccessful.

Having fully considered the parties' positions and reviewed the details of the proffered securities account, this Court finds that, with some modification, maintenance of the securities account constitutes sufficient "other security" under Rule 62 (b) entitling the Nation to a stay of judgment pending appeal. In so finding, this Court is unpersuaded by the State's concerns.

First, as it relates to the State's contention that the terms of the governing agreements permit the Nation to make certain withdrawals from the account, the Nation

5

has agreed not to make any such withdrawals, and this Court will impose that restriction as a condition of the stay. See Reply Brief, Docket No. 30, p. 7 ("the Nation has stated its full willingness to commit to not use either [withdrawal] mechanism for the pendency of the appeal as a condition of a stay of judgment").

Second, the State's fear that Fifth Third Bank could exercise certain third-party administrative rights to interfere with the State's ability to collect the judgment are allayed by a close reading of the agreements, which preclude such a scenario for the reasons stated in the Nation's Comptroller's sealed reply affidavit. See Reply Affidavit of Cheryl A. Watts ("Watts Reply Aff."), Docket No. 34, ¶¶ 6-7. This concern also appears remote given that it is undisputed that the third-party financial institutions required the creation of the secured account for the very purpose that the Nation now tenders it: to ensure the Nation's ability to pay any judgment arising out of its dispute with the State. See Watts Aff., ¶¶ 4, 5, 9, 10; Watts Reply Aff., ¶ 2. Thus, even if vested with an administrative right that could potentially interfere with collection of the judgment, it is highly unlikely that Fifth Third Bank would or could exercise that right in direct contravention of the purpose of the account. See Watts Reply Aff., ¶ 9.

Third, this Court is unpersuaded by the State's contention that the securities account fails to adequately secure the judgment because it does not account for post-judgment interest. For one, the Nation asserts that it is exempt from post-judgment interest under the "no-interest rule" applicable to sovereign governments. See, e.g., Marathon Oil Co. v. United States, 374 F.3d 1123, 1126 (Fed. Cir. 2004) (discussing the "no-interest rule"). And second, assuming that the Nation is subject to post-judgment

interest, the parties dispute the proper interest calculation, rendering the amount of interest to be secured unresolved and uncertain at this time. But in any event, even assuming that some measure of interest applies, this Court is satisfied from its review of the sealed Watts Reply Affidavit that the account balance and interest terms are sufficient to secure any interest that may be due and owing. See Watts Reply Aff., ¶ 9.

Finally, the State's objection that the agreements contain no automatic payment provision goes too far. Rule 62 (b) is not an automatic collection mechanism. Its function is simply to reasonably secure a judgment pending appeal by bond or other security. See In re Nassau Cty. Strip Search Cases, 783 F.3d at 417. The securities account here contains adequate funds to secure the judgment *in toto*, and the history of dealings between the parties, which includes the State's recovery of disputed revenue-sharing payments in 2013 from a similar escrow account maintained by the Nation, see Watts Reply Aff., ¶ 3, weighs against the imposition of an automatic payment provision, even if permitted under the rule.

In all, this Court is confident that the Nation has and will continue to have sufficient funds to satisfy the judgment and its ongoing State Contribution obligations. Maintenance of the securities account discussed above, as modified by the Nation's agreement not to make any withdrawals, even if permitted under the terms of the agreements, is, in this Court's view, adequate "other security" under Rule 62 (b) to entitle the Nation to a stay of judgment pending appeal. Its motion is therefore granted.

IT HEREBY IS ORDERED, that the Nation's Motion to Stay Judgment Pending Appeal (Docket No. 18) is GRANTED.

FURTHER, that the Nation's maintenance of the securities account discussed above is APPROVED as "other security" under Rule 62 (b).

FURTHER, that the Nation must maintain the securities account on the same terms and conditions presented in this motion for the duration of the stay through resolution of appeal, and at no time shall the securities account balance be less than the disputed State Contribution.

FURTHER, that the Nation is prohibited from withdrawing any funds from the security account other than to pay State Contribution, even if otherwise permitted under the terms of the governing agreements, for the duration of the stay through resolution of appeal.

FURTHER, that the Nation is directed to honor the State's audit rights under the Compact for the duration of the stay through resolution of appeal.

FURTHER, that the judgment (Docket No. 15) is STAYED on these terms through resolution of appeal.

SO ORDERED.

Dated: December 12, 2019
       Buffalo, New York

                                              s/ William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge