UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SENECA NATION OF INDIANS,

                Petitioner,

v.                                         Index No. 19-cv-00735-WMS

STATE OF NEW YORK,

                Respondent.
_____

## NOTICE OF MOTION AND MOTION FOR RELIEF
## UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law, Attorney Declaration of Lee M. Redeye dated April 23, 2021, the Affidavit of Cheryl A. Watts dated April 22, 2021, the Motion to Seal or for *In Camera* Review along with supporting papers, and all other papers and proceedings herein, Petitioner Seneca Nation of Indians (the "Nation"), by its attorneys, shall move before the Honorable William M. Skretny, United States District Judge, at the United States Courthouse, 2 Niagara Square, Buffalo, New York 14202, at a date and time to be set by the Court, for relief under Federal Rule of Civil Procedure 60(b)(6) from the Court's November 8, 2019 final judgment. The Nation intends to file and serve a reply in support of its motion as well, and respectfully requests argument to the extent it would assist the Court.

The grounds for the motion under Rule 60(b)(6) are set forth in the accompanying Memorandum of Law and are summarized here as follows: The Nation has been ordered by an arbitration panel to make renewal period payments to the State of New York pursuant to a class III gaming compact entered into under the Indian Gaming Regulatory Act ("IGRA"). In its November 8, 2019 judgment, this Court confirmed that award on "manifest disregard" review,

1

and the Second Circuit affirmed. However, on April 15, 2021, the United States Department of the Interior issued a letter stating that it has not "review[ed] or otherwise analyze[d]" the disputed payments as required by the statute, has "serious concerns" as to their legality, and therefore "caution[ed] the parties about their reliance on the [payment] terms because [the Department has] not determined that they are lawful." The Department's position gives rise to extraordinary circumstances not previously considered by this Court or the Circuit. It further creates a significant risk that enforcement of the judgment will result in extreme and undue hardship for the Nation, including potential closure of its gaming facilities. These facts, separately and together, warrant relief under Rule 60(b)(6).

The Department has invited the parties to jointly submit the disputed payment obligation for its review. The State has thus far declined to do so. If the State reconsiders that position and cooperates in a submission, the Nation seeks relief in the form of a stay of enforcement of the judgment for the duration of the Department's review. If the State will not join in such a submission, the Nation requests that the Court vacate its November 8, 2019 final judgment, rendering the payment obligation imposed by the panel unenforceable under IGRA and leaving the parties to negotiate new payment terms for submission to the Department if they so desire.

Dated this 23rd day of April, 2021          Respectfully submitted,

                By:   /s Carol E. Heckman
                     Carol E. Heckman, Esq.
                     Lee M. Redeye, Esq.
                     *Counsel for Seneca Nation of Indians*
                     50 Fountain Plaza, Suite 1700
                     Buffalo, New York 14202
                     Telephone: (716) 853-5100
                     Facsimile: (716) 853-5199
                     checkman@lippes.com
                     lredeye@lippes.com

Riyaz A. Kanji, Esq.
David A. Giampetroni, Esq.
Kanji & Katzen P.L.L.C.
303 Detroit Street, Suite 400
Ann Arbor, Michigan 48101
Telephone:  (734) 769-5400
Facsimile:  (734) 769-2701
rkanji@kanjikazen.com
dgiampetroni@kanjikatzen.com

John G. Horn, Esq.
Harter Secrest & Emery LLP
50 Fountain Plaza, Suite 1000
Buffalo, NY 14202
Telephone: (716) 853-1616
Facsimile: (716) 853-1617
jhorn@hselaw.com