# EXHIBIT A



United States Department of the Interior
Office of the Assistant Secretary - Indian Affairs
Washington, DC 20240

Honorable Matthew Pagels
President, Seneca Nation of Indians
90 Ohiyo Way
Salamanca, NY 14779

Dear President Pagels:

Thank you for your letter dated March 21, 2021, to Secretary Haaland regarding revenue sharing payments associated with the Seneca Nation of Indians' (Nation) Tribal-State gaming compact (Compact) with the State of New York (State).

**Background**

On November 12, 2002, then-Secretary Norton notified the Nation and State by identical letters that she could not affirmatively approve the compact and permitted the Compact to be approved by operation of law.[1] The Compact was therefore approved, but only to the extent it was consistent with the provisions of the Indian Gaming Regulatory Act (IGRA).[2] Secretary Norton explained in her letters to the Nation and the State that in exchange for geographic exclusivity in Western New York, Section 12 of the Compact required the Nation to make graduated revenue-sharing payments to the State from 18% to 25% of net drop, less a local share, over the course of the 14-year duration of the Compact.[3] The Compact contained an automatic renewal provision for an additional seven years.[4] Neither the renewal provision nor Section 12 discussed revenue sharing during the seven-year renewal period.

On December 9, 2016, the 14th anniversary of its effective date, the Compact automatically renewed for an additional seven years. The Nation and the State disagreed over whether the Compact required revenue sharing payments during the seven-year renewal period, which triggered the Compact's dispute resolution provisions that required binding arbitration.

On January 7, 2019, by a vote of 2-1, the arbitration panel decided in the State's favor by finding that Section 12(b)(1) of the Compact required revenue sharing payments during the seven-year renewal period, or years 15 – 21.[5] The dissenting arbitrator stated that the majority had

---

[1] *See* Letter from Gayle Norton, Secretary of the Interior, to the Honorable Cyrus Schindler, President, Seneca Nation of Indians (November 12, 2002), *available at* https://www.bia.gov/sites/bia.gov/files/assets/as-ia/oig/pdf/idc-038394.pdf (site last visited April 14, 2021) (Norton Letter). An identical letter was sent to the Governor of New York.
[2] 25 U.S.C. § 2710(d)(8)(C). The Compact became effective upon publication in the Federal Register. *See* 67 Fed. Reg. 72968 (December 9, 2002).
[3] Norton Letter at 3.
[4] *See* Compact § 4(c)(1).
[5] *State of New York v Seneca Nation of Indians*, AAA Case No. 01-17-0005-3636, Partial Final Award (2019) at 6

essentially written a new provision into the Compact by finding that revenue sharing was required in years 15 - 21.[6]

**Discussion**

The IGRA authorizes the Secretary of the Interior (Secretary) to review and approve tribal-state compacts.[7] All compacts and amendments, regardless of whether they are substantive amendments or technical amendments, are subject to review and approval by the Secretary.[8] Compacts and amendments become effective only when notice of approval by the Secretary has been published in the Federal Register.[9] Compacts and amendments that are not submitted for approval cannot go into effect and are invalid.[10]

In 2002, the Secretary analyzed the revenue sharing payments for the initial 14 year term of the Compact and determined they were consistent with IGRA.[11] The Secretary did not review or otherwise analyze any revenue sharing payments for the seven-year renewal period of the Compact because the Compact did not provide for revenue sharing during the renewal period.

The IGRA and our regulations governing compact submission and review at 25 C.F.R. Part 293 clearly state that compacts and compact amendments in various forms are subject to review by the Secretary. We are concerned that a failure to submit new compact terms for review and approval could set a precedent for those who wish to evade review by the Secretary. Further, we are concerned that the panel's decision has the effect of establishing and enforcing terms that were not before the Department in 2002, potentially undermining the Secretary's mandated role under IGRA.

Similarly, we also have serious concerns about the extension of revenue sharing during years 15 - 21 because we did not conduct an analysis of the extension. We review revenue sharing requirements in gaming compacts with great scrutiny. At the outset, we begin with the premise that tribal payments for anything beyond actual and reasonable state regulatory costs are considered a "tax, fee, charge or other assessment" prohibited by IGRA.[12] Our analysis first looks to whether a state has offered meaningful concessions to the tribe. A state must concede something of value that it was not otherwise required to negotiate, such as granting exclusive rights to operate class III gaming or other benefits with a gaming-related nexus. We then examine whether the value of the concessions provide substantial economic benefits to the tribe in a manner justifying the revenue sharing.

In this case, we cannot provide certainty that the extension of revenue sharing into the seven-year renewal period complies with the requirements of IGRA. We have not determined whether the State has offered meaningful concessions to the Nation. Nor have we determined whether the value of any concessions provide substantial economic benefits to the Nation in a manner

---

[6] Panel Decision, Dissent at 3.
[7] 25 U.S.C. § 2710(d)(8)(A).
[8] 25 C.F.R. § 293.4.
[9] 25 U.S.C. § 2710(d)(3)(B).
[10] *See Id*. at § 293.15(a).
[11] Norton Letter at 5.
[12] 25 U.S.C. § 2710(d)(4).

justifying the revenue sharing payments. We caution the parties about their reliance on the terms because we have not determined that they are lawful.

If the parties would like the Department to determine whether the revenue sharing provisions are lawful, we invite the parties to submit them for review by the Secretary.

Sincerely,

*Paula L Hart*

Paula L. Hart
Director, Office of Indian Gaming
Office of the Assistant Secretary – Indian Affairs
Department of the Interior

**RECEIVED**
By Philip Bristol at 2:48 pm, Apr 15, 2021