UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

SENECA NATION OF INDIANS,

                    Petitioner,

     v.                                              Index No. 19-cv-00735-WMS

STATE OF NEW YORK,

                    Respondent.
───────────────────────────────────────────────

**SENECA NATION'S NOTICE OF NEW FACTUAL DEVELOPMENT
IN SUPPORT OF ITS PENDING RULE 60(b) MOTION**

       In support of its Motion of April 23, 2021, filed pursuant to Federal Rule of Civil Procedure 60(b), Dkt. No. 40, the Seneca Nation argued that relief from the Court's judgment of November 12, 2019, is warranted because requiring the Nation to make renewal-period exclusivity payments to the State under the decision of the arbitral panel could subject it to an enforcement action by the National Indian Gaming Commission ("NIGC"). This had been rendered clear, the Nation pointed out, by the declaration of the Department of the Interior dated April 15, 2021, that it has never reviewed the subject payments to determine whether they are lawful under the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701–2721. *See* Dkt. No. 40-1 at 9–13. The Nation discussed the extreme hardship it would incur if forced to make non-compliant payments rendering it vulnerable to NIGC sanctions. *Id.* at 13–17.

       While the Nation detailed the legal and factual bases underpinning its argument, the State claimed that such an outcome was too speculative to justify relief under Rule 60(b). *Compare*, *e.g.*, *id.* at 15 (stating that "the Nation faces the very real possibility of an NIGC closure order for

1

a violation of IGRA that it will have no ability to cure [if this Court's judgment of November 12, 2019, remains in place]") *with* Dkt. No. 47 at 24 (stating that the possibility of NIGC enforcement action "is entirely speculative" and "hypothetical").

A letter sent to the Nation by the NIGC today (September 16, 2021) belies the State's assertions. In that letter (Attach. A), the Chief Compliance Officer for the NIGC advises the Nation that the Commission is in receipt of a letter dated September 15, 2021, from Bryan Newland, the Assistant Secretary of the Interior for Indian Affairs.[1] While the Nation is not in possession of the Interior Department correspondence, the NIGC letter indicates that in it the Assistant Secretary has reiterated "the Department's 'serious concerns' that the [renewal-period] payments were not previously reviewed by the Department and may conflict with IGRA['s] purpose of ensuring that the Nation is the primary beneficiary of its gaming operation. The Assistant Secretary also shares our concern that the payments may violate IGRA's requirement that the Nation maintain the sole proprietary interest in its gaming operation." NIGC Letter 1. The letter further states that "[a]s the NIGC is the Agency charged with enforcing the requirements of IGRA, NIGC regulations, and the Nation's gaming ordinance, the Assistant Secretary referred the matter to NIGC for further investigation and potential corrective action. *The NIGC considers the circumstances significant and is conducting a review to determine whether [the renewal-period] payment is permissible under IGRA's use of net gaming revenue requirement and its requirement that a tribe maintain the sole proprietary interest in its gaming operation.*" *Id*. (emphasis added). The letter then details the investigation being undertaken by

---

[1] The NIGC also references a letter sent to the Commission on September 1, 2021, by the Nation in which the Nation requested an update on the investigatory activities it understood to be under way. That letter is included here as Attachment B.

the NIGC to determine "whether the revenue share payment is consistent with the requirements of IGRA." *Id*. at 4.

The NIGC letter is directly relevant to the issues pending before this Court. Any basis for the State's contention that the possibility of agency enforcement action over renewal-period payments is too remote to warrant relief under Rule 60(b) has now evaporated. The letter makes it crystal clear that both the NIGC and the Interior Department have serious concerns about the legality of any renewal-period payments, and that the NIGC is actively investigating whether such payments are consistent with the requirements of the governing statute. Accordingly, the letter confirms the Nation's argument that good cause exists for this Court to stay enforcement of its judgment of November 12, 2019, until the NIGC has determined the legality of the payments under IGRA.

Dated this 16th day of September, 2021      Respectfully submitted,

By:    /s Carol E. Heckman
       Carol E. Heckman, Esq.
       Lee M. Redeye, Esq.
       *Counsel for Seneca Nation of Indians*
       50 Fountain Plaza, Suite 1700
       Buffalo, New York 14202
       Telephone: (716) 853-5100
       Facsimile: (716) 853-5199
       checkman@lippes.com
       lredeye@lippes.com

       Riyaz A. Kanji, Esq.
       David A. Giampetroni, Esq.
       Kanji & Katzen P.L.L.C.
       303 Detroit Street, Suite 400
       Ann Arbor, Michigan 48104
       Telephone: (734) 769-5400
       Facsimile: (734) 769-2701
       rkanji@kanjikatzen.com
       dgiampetroni@kanjikatzen.com