# ATTACHMENT B

# Seneca Nation of Indians



**President -** Matthew B. Pagels
**Clerk -** Marta L. Kettle

**12837 ROUTE 438**
**CATTARAUGUS TERRITORY**
**SENECA NATION**
**IRVING, NY 14081**

**Tel. (716) 532-4900**
**FAX (716) 532-6272**

**Treasurer -** Rickey L. Armstrong Sr.

**90 OHI:YO' WAY**
**ALLEGANY TERRITORY**
**SENECA NATION**
**SALAMANCA, NY 14779**

**Tel. (716) 945-1790**
**FAX (716) 945-1565**

September 1, 2021

Chairman E. Sequoyah Simermeyer
National Indian Gaming Commission
1849 C Street NW, Mail Stop #1621
Washington, DC 20040

Dear Chairman Simermeyer,

As you are aware, the Seneca Nation of Indians (the "Nation") has been involved in a dispute with the State of New York (the "State") over revenue-sharing payments under its 2002 Class III gaming compact entered into under the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701 et seq. ("IGRA"). After arbitration proceedings and in the course of pending litigation proceedings, the Nation was ordered to make the disputed revenue-sharing payments to the State (which cover a seven-year Compact renewal period), though the Nation continues to challenge that order and the outcome of those proceedings in the courts.

On April 15, 2021, the Department of the Interior, Office of Indian Gaming, issued a letter to the Nation stating its concern that the disputed revenue-sharing payments may violate IGRA because the Department never reviewed and approved the disputed payments in 2002 when it allowed the Compact to go into effect, "to the extent the compact is consistent with the provisions of [IGRA]," pursuant to 25 U.S.C. § 2710(d)(8)(C).[1] Accordingly, the Department stated that it has never determined whether the amount of the disputed payments is permissible under IGRA and "caution[ed] the parties about their reliance on the [disputed payment] terms because [Interior has] not determined that they are lawful."[2]

At the Commission's request, the Nation has provided information regarding the amount of the disputed payments in relation to the Nation's net gaming revenues during the disputed payment period. We have asked the Commission to evaluate (independently or in coordination

---

[1] Letter from Department of the Interior to the Seneca Nation at 2 (Apr. 15, 2021) (Attached).
[2] *Id.* at 2-3.

1

with the Department of the Interior) whether the payments are of an amount, when compared to the Nation's net gaming revenues, that would violate IGRA, including its requirements that Native Nations remain the "primary beneficiary" of, and hold the "sole proprietary interest" in, all Class III gaming activities.[3] The Nation is concerned because violations of IGRA potentially subject the Nation to enforcement consequences from the Commission, including the possibility of an order requiring the closure of its casinos during a period of violation.

I write today to inquire as to whether the Commission views the circumstances described above as significant enough to warrant such an evaluation in light of the requirements of IGRA and the Commission's related powers and duties under that statute, and as to whether the Commission is presently undertaking such an evaluation.

Thank you very much for any prompt response you are able to provide at this time.

Sincerely,

Matthew B. Pagels
Seneca Nation President

cc:     Michael Hoenig, General Counsel, NIGC
        Thomas Cunningham, Director, Division of Compliance, NIGC

---

[3] *See* 25 U.S.C. §§ 2702(2) and 2710(b)(2)(A).