**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

SENECA NATION OF INDIANS,

              Petitioner,

      v.

STATE OF NEW YORK,

              Respondent.

Civil Case No. 19-cv-00735

## MEMORANDUM OF LAW IN SUPPORT OF STATE OF NEW YORK'S MOTION FOR ENTRY OF TURNOVER ORDER

The State of New York (the "State"), by and through its undersigned counsel, hereby moves this Court pursuant to Rule 69 of the Federal Rules of Civil Procedure ("FRCP") and Section 5225(a) of New York's Civil Practice Law & Rules ("CPLR") to enter an order requiring judgment debtor the Seneca Nation of Indians (the "Nation," and, together with the State, the "Parties") to turnover certain funds to satisfy the judgment entered by the Court on November 12, 2019 (the "Judgment") [D.I. 15] (attached hereto as Exhibit A), specifically those funds held in a segregated bank account that the Nation has maintained and pledged as security in these proceedings under FRCP Rule 62(b).[1]

## PRELIMINARY STATEMENT

By this motion, the State asks the Court to enter an order directing the Nation to make good on the Judgment, which reflects a final determination that the Nation is required to make certain outstanding payments (and continue making other payments) to the State under the Class III

---

[1] Capitalized terms not specifically defined herein have the meanings given in the Court's November 8, 2019 Decision and Order [D.I. 14].

gaming Compact entered into by the parties on August 18, 2002 (the "Compact") that the Nation continues to wrongfully withhold.

The Judgment is the final product of long, drawn-out litigation, of which this Court is well aware. The State and the Nation are parties to the Compact, pursuant to which the State provided the Nation exclusive rights to conduct certain gaming operations in exchange for a share of gaming revenues (the "State Contribution"). However, after the Compact automatically renewed in December 2016, the Nation took the position it no longer had to make the required State Contribution payments. The Parties arbitrated their dispute as called for under the Compact, and the Panel majority issued arbitral awards in January and April 2019 requiring the Nation to continue making the State Contribution payments, and to make past-due payments immediately. The Nation petitioned this Court to vacate the arbitral awards, and after extensive briefing this Court denied the Nation's petition, confirmed the awards and entered the Judgment. The Nation appealed this Court's decision to the Second Circuit, which, after briefing and oral argument, affirmed this Court's decision and the Judgment. The Nation subsequently filed a motion to set aside the Judgment under FRCP Rule 60, which this Court denied. The Judgment is now final, but the Nation has refused to satisfy its obligations to pay the State and satisfy the Judgment. The State is therefore forced to petition this Court to enforce the Judgment and recover monies that are long past due.

Through this motion, the State seeks an order pursuant to FRCP Rule 69 and CPLR 5225(a) directing the Nation to turnover certain funds to partially satisfy the Judgment. The funds at issue have been specifically set aside and segregated by the Nation in a bank account to be paid to the State as part of this litigation. Specifically, the Nation established and maintained a segregated

bank account that contains funds in the amount of the State Contributions at issue and subject to the Judgment, which the Nation pledged as security in these proceedings pending its unsuccessful appeal of the Judgment. The Nation expressly represented to this Court that the funds in that bank account would be maintained by the Nation as a "guarantee" that the State would recover per the terms of the confirmed arbitral awards once the Judgment became final. The Judgment is now final, yet the Nation has refused to pay the State Contributions due and outstanding under the Judgment. Accordingly, the Court should issue an order pursuant to FRCP Rule 69 and CPLR 5225(a) directing turnover of the funds held in the bank account to partially satisfy the Judgment.

## **BACKGROUND**[2]

The Parties' underlying dispute relates to certain required revenue-sharing payments the Nation refused to make to the State pursuant to the Compact. As provided in the Compact, the Parties submitted their underlying dispute to binding arbitration. A majority of the arbitral Panel issued a Partial Final Award in the State's favor on January 7, 2019, holding that the Nation was required to make the payments at issue [D.I. 2-4]. The Panel issued a Final Award (together with the Partial Final Award, the "Awards") on April 8, 2019, ordering the Nation to make certain outstanding payments already due, and to resume making additional State Contribution payments in accordance with the Compact [D.I. 2-3].[3]

The Nation filed a Petition to vacate the Awards under Section 10 of the Federal Arbitration Act on June 6, 2019 [D.I. 2-1]. The Petition alleged that the Awards were issued in "manifest

---

[2] Given the Court's familiarity with this matter, this Motion includes only a brief recitation of facts applicable to the relief sought herein. Greater detail is set forth in the Court's November 8, 2019 Decision and Order confirming the Awards (defined within), and the Court's December 14, 2021 Decision and Order denying the Nation's motion to set aside the Judgment pursuant to FRCP Rule 60 [D.I. 58], as well as the Parties' related submissions.

[3] True and correct copies of the Awards are included at Exhibit B hereto.

disregard" of certain provisions of the Indian Gaming Regulation Act ("IGRA"). The Court denied the Petition and confirmed the Awards in a decision dated November 8, 2019 [D.I. 14], and entered the Judgment on November 12, 2019 [D.I. 15].

The Nation appealed to the Second Circuit on March 16, 2020. After extensive briefing and oral argument, the Second Circuit affirmed this Court's decision confirming the Awards on February 22, 2021. *See* Decision and Opinion at 28, *Seneca Nation of Indians v. New York*, No. 19-04022 (2d Cir. Feb. 22, 2021), Dkt. No. 82-1. The Nation applied to the Second Circuit for panel rehearing or *en banc* review on March 8, 2021, which the Second Circuit denied on April 9, 2021. *See* Decision on Request for Panel Rehearing or Rehearing *en banc*, *Seneca Nation of Indians v. New York*, No. 19-04022-cv (2d Cir. Apr. 9, 2021), Dkt. No. 91. The Second Circuit issued its Mandate confirming the Judgment (and with it, the Awards) on April 16, 2021 [D.I. 38].

In connection with its appeal, the Nation moved for a stay of enforcement of the Judgment pursuant to FRCP Rule 62 on December 3, 2019 (the "Stay Motion") [D.I. 18], which the Court granted by a Decision and Order dated December 12, 2019 (the "Stay Order") [D.I. 35]. In seeking that relief, the Nation represented and pledged that it would maintain a segregated bank account (the "Account"), the balance of which would at all times exceed the amount of the Judgment. *See* Stay Motion at 2 ("The Nation has already deposited the full amount of the disputed State Contribution payments (as that term is defined by the Compact) up to the current date, and is also required by the lending agreements to deposit all future quarterly State Contribution payments until this dispute is finally resolved.")). The maintenance of the Account was an express condition of the Court's decision to grant a stay of the Judgment pending appeal. *See* Stay Order at 8 (directing that that "at no time shall the [Account] balance be less than the disputed State

Contribution," and that "the Nation is prohibited from withdrawing any funds from the security account other than to pay State Contribution, even if otherwise permitted under the terms of the governing agreements"). The Stay Motion and the exhibits thereto indicate the Nation established that the Nation was the sole owner of the Account (and had not and would not assign or encumber the Account in any manner), and that the Nation could not withdraw funds on deposit in the Account (or direct the agent to make disbursements from the Account) except to pay the disputed State Contribution amounts to the State pursuant to a final judgment while there was still a dispute between the parties. *See generally* Stay Motion at § C; Supporting Affidavit of Cheryl Watts at ¶¶ 7 – 8; Nation Agreement (filed under seal) [D.I. 23] at §§ 2(j) & 5, Attachment 1 thereto at ¶¶ 1(d) & 2, and Exhibit 2 thereto. The Nation expressly represented that this Account "guaranteed" that the State would "receive the full benefit of the [Judgment] should it prevail on appeal." Stay Motion at 6.

After the Second Circuit issued its Mandate, the Nation moved this Court to set aside the Judgment pursuant to FRCP Rule 60 [D.I. 40], arguing that the National Indian Gaming Commission ("NIGC") might deem payment of the State Contribution pursuant to the Judgment as unlawful under IGRA. The Court denied the motion on December 14, 2021 [D.I. 58].

In an effort to resolve their dispute amicably and without judicial intervention, the Parties negotiated an agreement in January 2022 whereby the Nation represented it would make the outstanding and past-due State Contribution payments for the period January 1, 2017 through September 30, 2021 within ten days. Unfortunately, the Nation ultimately failed to make any of the payments and repudiated the Parties' agreement. The State thereafter demanded the Nation satisfy the entire outstanding Judgment, which the Nation has refused to do.

# ARGUMENT

The Court should enter an order directing the Nation to turnover the funds held on deposit in the Account in partial satisfaction of the Judgment. Pursuant to FRCP 69, the State is entitled to enforce the Judgment according to the procedures set forth under the laws of New York, in which state the Court is located. FRCP Rule 69(a)(1); *see also Cordius Trust v. Kummerfeld*, 99-cv-3200 (DLC), 2009 U.S. Dist. LEXIS 98889, at *19 (S.D.N.Y. Oct. 23, 2009) ("[FRCP] Rule 69 provides a mechanism for parties to seek the Court's aid in executing its judgments. In New York, the execution of money judgments is governed by N.Y. CPLR Article 52, which sets forth the procedures for a writ of execution." (citations omitted)); *see also Centerbar v. Esser James & Assocs., LLC*, No. 16-CV-896, 2019 U.S. Dist. LEXIS 223874, at *2 (W.D.N.Y. Dec. 26, 2019).

It is well established that Article 52 of the CPLR authorizes a judgment creditor to file a motion against a judgment debtor to compel turnover of assets to satisfy a judgment. *Koehler v. Bank of Bermuda*, 12 N.Y.3d 533 (2009) ("CPLR 5225(a) applies when the property sought is in the possession of the judgment debtor himself . . . and is invoked by a *motion* made by the judgment creditor.") (citation omitted, emphasis in original); *see also Starbare II Partners v. Sloan*, 216 A.D.2d 238 (1st Dep't 1995). Specifically, CPLR 5225(a) provides that

> [u]pon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

Further, the Court has broad equitable powers under CPLR 5240 to "direct assignment" of the judgment debtor's assets subject to a CPLR 5225 turnover order directly "to [the] Plaintiff."

*Borges v. Placeres*, 61 Misc. 3d 1220(A), 2018 WL 6056173 at *3 (N.Y. Civ. Ct. Nov. 2, 2018). "Where property is in the possession of a judgment debtor, CPLR 5225(a) permits a court . . . to order that the judgment debtor pay the money . . . to satisfy the judgment, . . . and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property . . . to a designated sheriff." *Teamsters Local 456 v. CRL Transportation, Inc.,* No. 18-CV-2056 (KMK), 2020 U.S. Dist. LEXIS 116669, at *9 (S.D.N.Y. July 2, 2020).

Notably, CPLR 5225 also reaches a judgment debtor's out-of-state-assets. *Gowen v. Helly Nahmad Gallery, Inc.,* 60 Misc. 3d 963, 980 (N.Y. Sup. Ct. 2018), *aff'd*, 169 A.D.3d 580 (1st Dep't 2019) ( "[A]n overarching principle of New York law [is] that where there is personal jurisdiction over the parties, one party cannot hide its assets outside of New York State so as to render any judgment obtained in New York unenforceable."). Where, as here, a New York court has personal jurisdiction over a judgment debtor,[4] it may order the judgment debtor to turn over out-of-state property. *Koehler,* 12 N.Y.3d at 541; *see also Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.,* 41 A.D.3d 25, 31 (1st Dep't 2007) ("[A] turnover order merely directs a defendant, over whom the New York court has jurisdiction, to bring its own property into New York."); *Starbare II Partners*, 216 A.D.2d at 238 (ordering under CPLR 5225(a) that judgment debtor turn over assets located in New Jersey); *Miller v Doniger*, 28 AD3d 405 (1st Dep't 2006) (judgment debtor, who was in New York, directed to turn over funds located in out-of-state bank accounts to

---

[4] There can be no dispute that the Nation subjected itself to personal jurisdiction by voluntarily filing the Petition. *See, e.g.*, *Biegeleisen v. Ross*, No. 96 Civ. 1157 (DAB), 1996 U.S. Dist. LEXIS 13683, at *2-3 (S.D.N.Y. Sept. 17, 1996) ("[A] plaintiff may never raise a defense of lack of personal jurisdiction. A plaintiff that seeks redress in a court necessarily chooses to come before the court in the first instance. Thus, any court with jurisdiction over the subject matter of a suit will necessarily have personal jurisdiction over the plaintiff who brings it."). Pursuant to Section 14((i) of the Compact [D.I. 2-6], the Nation also waived sovereign immunity for the purpose of proceedings to enforce the Awards in this Court.

AMERICAS 113799363

the judgment creditor).

Here, the Account is plainly in the Nation's possession and control and is subject to turnover under CPLR 5225(a) to satisfy the Judgment. *See* Stay Motion at 1, supporting Affidavit of Cheryl A. Watts at ¶ 7, supporting Declaration of Carol E. Heckman at ¶ 7 (describing "the Nation's Account"). The Nation's control and maintenance of the Account was also a prerequisite to the Court's holding that the Account constituted appropriate "other security" for purposes of FRCP Rule 62(b). *See* Stay Order at 8. Likewise, the Nation plainly has the ability to control the funds on deposit in the Account and to cause those funds to be released to the State in order to pay on the Judgment. *See* Nation Agreement (filed under seal) at ¶ 2 and Exhibit 2 (describing how the Nation may direct the funds to be distributed to the State to pay a final judgment). Indeed, the Nation expressly earmarked the funds in the Account for the State and "guaranteed" that the State would receive those funds to pay a final judgment in these proceedings. *See* Stay Motion at 6 (". . . guaranteeing that the State receive the full benefit of the [J]udgment should it prevail on appeal.").

Pursuant to the undertakings made by the Nation to this Court regarding the Account, the State expects that the Account contains such funds as to satisfy that portion of the Judgment corresponding to the State Contribution payments currently outstanding and past due at least as of December 31. 2022 (the end of the last fiscal quarter). *See* Affidavit of Cheryl A. Watts in Support of the Stay Motion [D.I. 18-2] at ¶¶ 6 & 9 ("The ['Nation Agreement' by and between the Nation, the Seneca Gaming corporation, and Fifth Third Bank, and the 'Blocked Account Agreement' by and between the Nation, Keybank and Fifth Third Bank] were specifically designed and executed to ensure that the Nation would continue to have sufficient funds to satisfy any judgment it incurred

in the litigation."). Such funds held in a bank account are properly subject to a turnover order under CPLR 5225(a), particularly which they were deposited in the Account for the express purpose to "guarantee" the State's ability to recover on the Judgment. *See, e.g.*, *Gryphon Domestic*, 41 A.D.3d 25at 36; *Miller*, 28 AD3d at 405. The State respectfully submits that the Court can and should order the Nation to immediately turnover the funds held in the Account to satisfy the Judgment, including taking whatever steps are necessary to release and transfer such funds to the State.[5]

## CONCLUSION

It is past time the Nation make good on its payment obligations under the Compact and satisfy the outstanding Judgment. For all the reasons set forth above, the State respectfully requests that the Court enter an order substantially in the form attached hereto pursuant to FRCP Rule 69 and CPLR 5225(a) directing the Nation to turn over the funds held in the Account to partially satisfy the Judgment.

Dated: March 24, 2022

Respectfully submitted,

*/s/ Gregory M. Starner*

Gregory M. Starner
Matthew L. Nicholson
Allyson Reynolds
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 819-8200
gstarner@whitecase.com

---

[5] The State reserves all rights with respect to those portions of the Judgment that may not be satisfied by the funds held in the Account, including any post-judgment interest to which the State may be entitled (which is not addressed by this motion).

matthew.nicholson@whitecase.com
allyson.reynolds@whitecase.com

*Attorneys for the State of New York*